UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD T. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1235** |
| **N. BURL CAIN, WARDEN** | **SECTION "C"** |

### ORDER AND REASONS

This matter is before the Court on a petition for writ of habeas corpus by Reginald Johnson, seeking relief pursuant to 28 U.S.C. § 2254. The petitioner raises four claims for relief from his August, 1999 conviction of one count of racketeering. In response, the State argues that the instant petition was untimely filed under 28 U.S.C. §§ 2254(d)(1)(A) and 2244(d)(2). Rec. Doc. 8. Because the Court concludes that the petition was timely filed, for the reasons set forth below, the Court now orders the State to respond to the merits of the petition.

I. BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a prisoner of the state confined to the Louisiana State Penitentiary in Angola, La. Fed. Rec. Doc. 1. He filed this federal application for writ of habeas corpus, without signing a date, which was entered into the record on March 3, 2007. *Id*. at 30 of 30. Petitioner was found guilty of one count of racketeering in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana on September 9, 1999. *See* State Rec. Vol. 3 at 788.

After the judge found him a multiple offender, petitioner was sentenced to life imprisonment at hard labor without the benefit of probation or suspension of sentence on October 27, 1999. *See* State Rec. Vol. 6 at 1737.

Petitioner filed an appeal in the Louisiana Court of Appeal, First Circuit, which affirmed his conviction, habitual offender adjudication, and sentence on April 2, 2003. *State v. Johnson*, 2002-KA-1796, (La.App.1st Cir. 4/2/2003)(unpublished); State Rec. Vol. 8 at 2182. The Supreme Court of Louisiana denied a subsequent writ application on November 7, 2003 without reasons. *State v. Johnson*, 2003-K-1218 (La. 11/7/2003); State Rec. Vol. 8 at 2180.

On October 18, 2004, petitioner filed an application for post-conviction relief in the 32nd Judicial District Court for the Parish of Terrebonne, presenting three assignments of error. State Rec. Vol. 9 at 90. The trial court denied his claims after an evidentiary hearing, on April 20, 2005. State Rec. Vol. 8 at 2354. Petitioner filed an application for writs from this denial in the First Circuit on May 31, 2005. State Rec. Vol. 10. The First Circuit denied his application on December 12, 2005, finding that the trial court did not err. *Id.* A subsequent writ application to the Louisiana Supreme Court, filed *pro se*, was denied without reasons on January 8, 2007. *State ex rel. Johnson v. State*, 2006-KH-1265 (La. 1/8/2007), 948 So.2d 117; State Rec. Vol. 10. The instant petition was filed without a date affixed by petitioner, and was entered into the record on March 3, 2007. However, petitioner has attached to his traverse to the state's response a receipt for his request for legal/indigent mail, that appears to have been signed by a prison classification officer on January 29, 2007. Rec. Doc. 9, ex. 1.

II. Procedural Review

2

*A. Custody Requirement*

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a).  Physical incarceration satisfies the custody requirement. *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989).  Here, petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, pursuant to the conviction he is attacking.  Rec. Doc. 1.  Accordingly, this condition of the Court's subject matter jurisdiction over petitioner's claim for relief is satisfied.

*B. Venue*

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is incarcerated or the district from which his conviction or sentence was obtained.  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b).  However, petitioner was convicted and sentenced in Terrebonne Parish, which under 28 U.S.C. § 98(a) falls within the Eastern District of Louisiana.  Therefore, venue lies for this petition under 28 U.S.C.A § 2241(d).

*C. Timeliness*

The state submits that the petition is untimely, but after reviewing the record the Court disagrees.  The Anti-terrorism and Effective Death Penalty Act of 1996[1] (AEDPA) requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which

---

[1] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

3

his or her conviction or sentence becomes final.[2]  AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).  "A  properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (*quoting Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000).  Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner.  *See, e.g., Navarre v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

"[F]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v.*

---

[2] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). A petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. SUP. CT. R. 13(1).

The petitioner appealed his conviction and sentence to the Louisiana Court of Appeals, First Circuit, and then filed an application for writ of review to the Louisiana Supreme Court, which denied his application on November 7, 2003. The petitioner did not seek review in the United States Supreme Court. The state concedes that his conviction then became final ninety days later, when the time for filing a certiorari petition expired, on February 5, 2004. Rec. Doc. 8 at 2.

From this date until he filed his application for post conviction relief in the state district court on October 18, 2004, 256 days of his 365-day statute of limitations period elapsed untolled. The state counts an additional 138 days that it claims ran from the time the First Circuit denied his writ application from denial of post-conviction relief on December 12, 2005 to May 30, 2006, when his application for writ of review was filed into the record in the Louisiana Supreme Court (not counting the 30 days he was allowed to timely file a writ of review under Louisiana law). However, petitioner signed his application on January 19, 2006. State Rec. Vol. 10, Application for Writ of Review at 16. In addition, to his traverse to the state's response, he has attached a copy of a receipt for his request for legal/indigent mail, signed by a prison classification officer on January 20, 2006, which indicates he tendered his application to prison officials for mailing on that date. When considering the timeliness of a pleading filed by a prisoner acting *pro se*, courts employ the bright-line "mailbox rule", i.e., a pleading is considered

to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Furthermore, it may reasonably be inferred that a prisoner delivered his pleading to prison officials for mailing on the date he signed it. *See Pugh v. Cain*, 2007 WL 734811 (E.D. La.) (Berrigan, J.), *citing United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D.Ga. 1997); *see also Magee v. Cain*, 2000 WL 1023423 (E.D.La) (Duval, J.). In this case, the inference that he delivered his pleading to prison officials for mailing on the date he signed it (January 19, 2006) is not necessary, because there is additional evidence of the date he actually delivered it (January 20, 2006). The Court finds that for present purposes, petitioner filed his application for writ of review to the Louisiana Supreme Court on January 20, 2006. Under Louisiana law, his time for filing had such an application had expired on January 12, 2006. Thus, an additional 8 days of his 365-day period elapsed during this time. *See Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001).[3]

---

[3]Though the Louisiana Supreme Court denied this writ application without reasons, it appears that it considered his application on the merits, rather than rejecting it as untimely filed. The state does not raise this issue, and as it argues that petitioner's time was tolled subsequent to the May 30, 2006 entry of the application into the record, appears to agree that the Louisiana Supreme Court considered his application on its merits. *See Melancon*, 259 F.3d at 405-406.
  Petitioner also raises issues in his traverse that suggest to this Court that equitable tolling of the period that elapsed after his time for filing in the Louisiana Supreme Court might be justified in this case. Apparently, his former counsel had attempted to mail a copy of the December 12, 2005 decision of the Louisiana First Circuit only days after the decision, but this was returned undelivered. See Rec. Doc. 9, ex. 5. His former counsel then attempted to send another copy by certified mail, stating in an attached letter to petitioner that he was concerned "due to ongoing problems with the mail." Rec. Doc. 9, ex. 5. Petitioner also attaches a copy of his LSP Legal Mail invoice which he claims shows that he received no legal mail from counsel or the court regarding the decision until January 23, 2006. Rec. Doc. 9, ex. 2. Petitioner claims he did not find out about the December 12, 2005 decision until he called the Clerk of Court to inquire "on or about January 19, 2006." Rec. Doc. 9 at 2. Petitioner also claims he did not become aware that counsel had decided to withdraw from further representation until January 23, 2006. *Id.* Petitioner appears to have been diligent in pursuing his remedies; he called relatively promptly when he became concerned about the time that had passed for the court's review, and almost immediately filed his subsequent application. The Court need not ultimately determine whether the petitioner was prevented by factors external to his defense that would justify equitable tolling, however, because it finds that his federal petition was otherwise timely filed.

After the Louisiana Supreme Court denied his application on January 8, 2007, the state argues that another 58 days of the limitations period ran until the instant federal application was entered into the record on March 30, 2007.  However, the petitioner again includes with his traverse a receipt that shows he delivered his application to prison officials for mailing on January 29, 2007.  Again, applying the mailbox rule discussed above, the Court finds that the instant application was filed for prescriptive purposes on January 29, 2007.  Thus, only 21days elapsed from the date of the January 8, 2007 decision and the filing of his federal application.  Altogether, 285 days of the one-year limitations period had elapsed by the time petitioner filed his federal application (256 plus 8 plus 21).  Therefore, the Court finds that petitioner's application for federal habeas corpus relief is timely filed.

## III. CONCLUSION

Having considered the petition, the record, and the applicable law, the Court determines that the instant petition is timely.  Accordingly,

IT IS ORDERED that the state respond to the merits of the petition within thirty days.  The state may include any procedural defense other than timeliness it wishes to raise along with its response.

New Orleans, Louisiana, this 20th day of February, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE