# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD JOHNSON** | **CIVIL ACTION** |
| **versus** | **NO. 07-1235** |
| **N. BURL CAIN, WARDEN** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Set Aside Judgment by petitioner, Reginald Johnson ("Johnson"). The motion stems from this Court's prior denial of Johnson's request for habeas corpus relief. (Rec. Doc. 31). After considering the memoranda, the record, and applicable law, for the following reasons, the motion is DENIED.

## BACKGROUND

On October 27, 1999, Johnson was convicted in state court in Louisiana of racketeering in violation of LA. REV. STAT. § 15:1353. (Rec. Doc. 28). He was sentenced as a habitual offender to life imprisonment. *Id.* The factual record of Johnson's offense and conviction is extensively detailed in this Court's order to deny habeas corpus relief and in the United States Court of Appeals for the Fifth Circuit's affirmation of that denial, and need not be repeated here. *Id.* at 2; (Rec. Doc. 18 at 2-5). Johnson filed an application for Post-Conviction Relief in 2001 and was granted leave to appeal. The Louisiana Court of Appeal, First Circuit affirmed his conviction in 2003 and the Louisiana Supreme Court denied certiorari. He then exhausted the remainder of his state court remedies and filed a writ of habeas corpus with this Court in 2007, which was denied with prejudice. Johnson was granted a Certificate of Appealability ("COA") and he appealed to the Fifth Circuit, which affirmed this Court's decision to deny habeas corpus

relief. *Johnson v. Cain*, 347 Fed. Appx. 89, 93 (5th Cir. 2009). The Fifth Circuit further denied Johnson a rehearing and the Supreme Court of the United States denied certiorari.

## LAW AND ANALYSIS

In his motion, Johnson alleges that the Fifth Circuit made several mistakes in affirming the decision to deny him habeas corpus relief. (Rec. Doc. 31 at 4). He seeks for this Court to correct those errors. *Id.* However, there is no procedural device that enables a federal district court to review a federal circuit court's decision.[1] Furthermore, no error is apparent in the appellate court decision.

Johnson sets out two claims in his motion; namely, that the Fifth Circuit did not address his ineffective assistance of counsel claim and that there was insufficient evidence to convict him under Louisiana's definition of "enterprise" within the crime of racketeering. Those claims have both already been adjudicated. The Court will, however, reiterate its own reasoning and the apparent reasoning behind the Fifth Circuit's decision. First, this Court went into lengthy analysis of Johnson's insufficient evidence claim and reviewed it under the standard set out in *Jackson v. Virginia*, 442 U.S. 307 (1979).[2] Under the *Jackson* standard, to determine if there was insufficient evidence at trial, a federal court reviews the state law definition of the state law crime that a petitioner was convicted of in order to determine if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 309, 319; (Rec. Doc. 18 at 14-15). After a thorough investigation into the Louisiana crime of racketeering, this Court

---

[1] Title 28 of the United States Code gives the Supreme Court jurisdiction to review the decisions of federal courts of appeal and gives federal circuit courts jurisdiction to review final decisions of federal district courts. 28 U.S.C. § 1254 (1988); 28 U.S.C. § 1291 (1982). Nothing in the Federal Rules of Civil Procedure or in the Judiciary and Judicial Procedure rules in Title 28 of the United States Code gives a federal district court jurisdiction to review the decision of a federal circuit court.

[2] Section 1353(C) of the Louisiana Revised Statutes makes it "unlawful for any person employed by, or associated with, any enterprise knowingly to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity." (Rec. Doc. 18 at 15). The state must present evidence to prove each of the elements of "enterprise" and "pattern of racketeering activity" in order to meet its burden of proof. *Id.*

explained the contradiction and confusion between the Louisiana circuits on the "enterprise" element of the crime of racketeering.[3] The Court denied habeas corpus relief because it could not say that a jury was unreasonable in finding, given the evidence presented at trial, that an enterprise existed under a Louisiana court's interpretation of Louisiana law. (Rec. Doc. 18 at 30). The Fifth Circuit performed a similar analysis and affirmed the decision. *Johnson*, 347 Fed. Appx. at 91. The issue of insufficient evidence has, therefore, been fully considered and adjudicated on the merits.

Johnson claims that he was given two issues for the Fifth Circuit to review in his COA and only one of them was considered. (Rec. Doc. 31 at 5). Specifically, Johnson argues that the Fifth Circuit erred when it did not consider one of his ineffective assistance of counsel claims. (Rec. Doc. 31 at 5). He does not specify which ineffective assistance of counsel claims he is referring to, as he raised several on appeal. However, this Court will assume that he is referring to his lawyer's failure to object to the insufficient evidence to prove each element of racketeering, which this Court did certify for appeal and which the Fifth Circuit did not specifically address in its opinion.[4] This Court determined that Johnson had failed to establish that there was insufficient evidence under Louisiana law to convict him of racketeering and that therefore, the "petitioner cannot make the requisite showing of prejudice under his related

---

[3] Further explanation and analysis of the elements of this crime, and the confusion surrounding Louisiana case law on the subject are detailed in the District Court's opinion. (Rec. Doc. 18).

[4] It is also possible that Johnson is referring to his ineffective assistance of counsel claim as it relates to the issues of "extraterritorial jurisdiction, severance, and the legality of an investigative stop performed on the co-defendant," because those are the issues the Fifth Circuit declined to consider. (Rec. Doc. 28 at 4, n.2). In its opinion, the Fifth Circuit specifically noted that it was not going to consider one of his ineffective assistance of counsel claims because it was not raised by the district court in his COA and because "Johnson has not moved to expand the COA." *Id.* It is well settled in the Fifth Circuit that appellate habeas corpus review pursuant to a COA is limited to those issues that the district court specifically presents in the COA. *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). As the Fifth Circuit noted, this Court limited the issues in Johnson's COA to "insufficiency of evidence regarding the elements of racketeering and the related ineffective assistance of counsel in failing to address the lack of evidence." (Rec. Doc. 23). As a result, the Fifth Circuit was correct in refusing to address those claims on appeal.

ineffectiveness of counsel claim necessary for this Court to grant relief." (Rec. Doc. 18 at 30). Thus, although the Fifth Circuit did not address the ineffective assistance of counsel claim as it relates to this issue, presumably they followed similar logic in determining that because Johnson had not met the requisite showing of insufficient evidence, it did not need to specifically address the ineffective assistance of counsel claim. Therefore, this Court finds that Johnson presents claims that have already been fully adjudicated on the merits.

Accordingly,

IT IS ORDERED that Petitioner Johnson's Motion to Set Aside Judgment (Rec. Doc. 31) is DENIED.

New Orleans, Louisiana, this 5th day of August, 2010

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE